UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INNA PEREVOZSKAYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-CV-01043 (RJL) |
| | ) |
| EVELYN UPCHURCH, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOOT**

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this suit on the ground that it is moot.  Plaintiff Inna Perevozskaya's I-485 application for adjustment of status, the subject of this lawsuit, was approved on July 30, 2007.  As there is no longer a live controversy dismissal of this suit is appropriate, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

In support of this motion, Defendants submit the accompanying Memorandum of Points and Authorities and the attached Exhibit: I-797C, Notice of Action, Approval Notice. A proposed Order is also attached.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

**Of Counsel:**
Allen Reid Tilson
United States Customs and Immigration Service, Texas Service Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INNA PEREVOZSKAYA, | ) )  |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:07-CV-01043 (RJL) ) |
| EVELYN UPCHURCH, *et. al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COMPLAINT AS MOOT**

Defendants respectfully move to dismiss this case because events that transpired afer the Complaint was filed have rendered this case moot. Plaintiff's mandamus Complaint seeks an order compelling Defendants to adjudicate her Form I-485 application for adjustment of status to that of a lawful permanent resident of the United States. *See* Compl. ¶ 1. On July 30, 2007, Defendant United States Citizenship and Immigration Services ("USCIS") completed its adjudication and issued a written Approval Notice granting Plaintiff's application. *See* Exhibit 1, Notice of Action, Approval Notice. The approval of Plaintiff's application has eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction. The case should therefore be dismissed as moot.

**Factual Background**

Plaintiff Inna Perevozskaya, a native and citizen of Russia, initiated this action with a mandamus Complaint, which asked the Court to "compel Defendants and those acting under them to adjudicate Plaintiff's Application to Register Permanent Residence or Adjust Status

(Form I-485), and to complete the long pending security checks associated with this adjudication." *See* Compl. ¶¶ 1, 3, 9. Plaintiff's I-485 was still pending at the time the Complaint was filed. *Id.* On or about July 30, 2007, USCIS approved Plaintiff's Form I-485 application, and sent a notice of that approval to Plaintiff's counsel of record. *See* Exh. 1.

## STANDARD OF REVIEW

**A.     The Legal Standard for a Motion to Dismiss under Rule 12(b)(1)**.

Defendants move for dismissal under Rule 12(b)(1), as events subsequent to the Complaint deprived the Court of any subject matter jurisdiction that may have existed. *See* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Bd.*, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); *see also Vanover v. Hantman*, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003). In addition, Plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." *Thompson*, 120 F.Supp.2d at 81; *Vanover*, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of a complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Rann*, 54 F. Supp. at 64.

**B.**     **The Legal Standard for a Motion to Dismiss under Rule 12(b)(6)**.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle [plaintiff] to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court must treat the Complaint's factual allegations as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see Nix v. Hoke*, 139 F.Supp.2d 125, 131 (D.D.C. 2001). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996); *Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

## ARGUMENT

**I.**     **This Case Should Be Dismissed As There Is No Longer An Ongoing Controversy.**

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Allen v. Wright*, 468 U.S. 737, 750 (1984); *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. *See Richardson v. Ramirez*, 418 U.S. 24, 36 (1974). In fact, "[n]o

principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (*citing Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see Arizonans for Official English, Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed"); *Columbian Rope Company v. West*, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

*Columbian Rope*, 142 F.3d at 1316 (*quoting Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (*en banc*)). Once a case becomes moot, the court loses jurisdiction. *See City of Houston v. Department of Housing and Urban Dev.*, 24 F.3d 1421, 1426 (D.C. Cir. 1994).

**II.  Because Plaintiff's Adjustment of Status Application Has Been Adjudicated, Plaintiff's Mandamus Action Is Moot And Should Be Dismissed.**

In mandamus actions seeking adjudication of a pending immigration application, the mootness doctrine comes into play when the application has been processed. *See Bouguettaya v. Chertoff* 472 F.Supp.2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action). As in other mandamus actions seeking to compel agency action, immigration cases

become moot when the agency takes action which grants the relief requested in the mandamus petition. *See Thompson v. United States Dep't of Labor*, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); *Gray v. Office of Pers. Mgmt.*, 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision). Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Trueblood v. Dep't of Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996).

Plaintiff's Complaint asked this Court to compel Defendants to adjudicate her I-485 application. Compl. ¶ 1; *id.* at 9 (Claim for Relief). Thereafter, without any court intervention, USCIS completed its national security screening and review of the I-485, and approved Plaintiff's I-485 application. *See* Exh. 1 (Approval Notice). Even assuming *arguendo* that Plaintiff had a viable claim at the time the Complaint was filed, she has now received the relief sought. As USCIS's approval of Plaintiff's I-485 application has ended any live controversy between the parties, this Complaint should be dismissed as moot. *See Bouguettaya*, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

Moreover, notwithstanding the fact that Plaintiff's claims are moot, this Court would not have had jurisdiction to order USCIS to adjudicate Plaintiff's Adjustment of Status application in any event, as the steps to be taken in adjudicating an application, as well as the timing of those steps, are matters entirely within USCIS discretion. 8 U.S.C. § 1255(a). As one court recently held,

5

> "if Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly provided for a time limitation in 8 U.S.C. § 1255(a), as it did in 8 U.S.C. § 1447(b). Section 1447(b) provides for a 120 day time limit to make a determination on a naturalization application after an examination is conducted. 8 U.S.C. § 1447(b) (2006). That Congress did not do so here reflects its intent to leave the pace of adjudication discretionary with the United States Attorney General and outside the scope of judicial review. While this Court acknowledges Plaintiff's frustration from waiting indefinitely in "immigration limbo" for a determination, it finds that Congress, rather than a federal court, is the proper governmental body to fashion a remedy."

*Grinberg v. Swacina,* 478 F. Supp.2d 1350, 1352 (S.D. Fl. 2007). Additionally, as another court recently noted,

> it is ill-advised for courts to interfere with otherwise unreviewable agency decisions. *Zheng*, 166 F.Supp.2d at 879-80 (judicial creation of a duty to complete an adjustment of status application within a specified time "would have the potential for mischievous interference with the functioning of already overburdened administrative agencies" (quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir.1978))). When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a complaint in federal district court. *Liberty Fund [Inc. v. Chao]*, 394 F. Supp 2d at 116 (noting that if the court were to grant mandamus relief it "would simply move petitioners to the front of the queue, at the expense of other similarly situated applicants"). As the *Safadi* court noted, the problem of administrative creep is properly addressed through the political branches. *Safadi*, 466 F.Supp.2d at 701 & nn. 6-7.

*Qui v. Chertoff*, 486 F.Supp.2d 412, 420 (D.N.J. 2007). The *Qui* court goes on to cite, in a footnote, a string of cases holding against the issuance of mandamus relief, and the rationale for declining to do so.[1]

---

[1] *See also Li v. Chertoff* 482 F. Supp. 2d 1172 (S.D.Cal. Apr.2, 2007) (no jurisdiction to compel adjudication of I-485 application under the mandamus statute or the APA because "no statute or regulation specifies a time period within which USCIS must act"); *Liberty Fund, Inc. v. Chao*, 394 F.Supp.2d 105, 115 (D.D.C.2005) (rejecting "the handful of unpublished district court decisions in other circuits that have granted mandamus petitions based solely on the length of a processing delay"); *Espin v. Gantner*, 381 F. Supp.2d 261, 265 (S.D.N.Y.2005)

### III. Plaintiff Is Not Entitled to Fees or Costs.

A court may only assess attorney fees against the United States in cases where a court has awarded a plaintiff "at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-604 (2001), *quoting Hewitt v. Helms*, 482 U.S. 755, 760 (1987). Here, Plaintiff has not "prevailed" because the Court has not awarded Plaintiff any relief. *Id.* at 605 ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). Accordingly, USCIS's voluntary approval of Plaintiff's I-485 application deprives Plaintiff of any claim for fees or costs.

---

("[T]he process of immigration status adjustment is not susceptible to mandamus jurisdiction because it is wholly discretionary with the Attorney General"); *Hui Jin Zheng v. Reno*, 166 F.Supp.2d 875, 879 (S.D.N.Y.2001) (holding that "there is no requirement that [an application to adjust immigration status] be decided within a specific period of time"). Cf. *Kleindienst v. Mandel*, 408 U.S. 753, 766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications" (*quoting Lem Moon Sing v. U.S.*, 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895))).

*Qui v. Chertoff,* at 416.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

                                            Respectfully submitted,

                                              Jeffrey A. Taylor
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney

                                              Rudolph Contreras
                                        RUDOLPH CONTRERAS, D.C. BAR #  434122
                                        Assistant United States Attorney

                                            s/Sherease Louis
                                        SHEREASE LOUIS
                                        Special Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 307-0895

**Of Counsel:**
Allen Reid Tilson
United States Customs and Immigration Service, Texas Service Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INNA PEREVOZSKAYA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:07-CV-01043 (RJL) |
|  | ) |
| EVELYN UPCHURCH, *et. al.*, | ) |
|  | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, the foregoing Motion to Dismiss Complaint as Moot, Supporting Memorandum, Attached Exhibit, and Proposed Order, was served upon counsel for Plaintiff via the Court's Electronic Case Filing System, as indicated below. I further certify that the signed original of this motion shall be retained in the official case file.

Thomas A. Elliott, Esq.
D.C. Bar # 259713
Elliot & Maycock, LLP
1629 K Street, N.W., Suite 1250
Washington, D.C. 20006-1641
tom@elliotlaw.com

                                                /s Sherease Louis
                                                SHEREASE LOUIS



Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

| RECEIPT NUMBER<br>EAC-04-170-53743 | | CASE TYPE I485   APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS | |
|---|---|---|---|
| RECEIPT DATE<br>May 19, 2004 | PRIORITY DATE<br>May 6, 2004 | APPLICANT  A98 365 918<br>PEREVOZSKAYA, INNA T. | |
| NOTICE DATE<br>July 30, 2007 | PAGE<br>1 of 1 | | |

LIN WALKER
STEEL RUDNICK & RU
1608 WALNUT STREET SUITE 1500
PHILADELPHIA PA 19103

Notice Type: Approval Notice
Section: Adjustment as direct beneficiary of immigrant petition
COA: E17

The above application has been approved.  Prior to receiving your permanent resident card you may be required to report for biometrics processing (photo/fingerprint/signature).  Please do not take any action at this time.  If you are required to report for this processing, you will receive another notice advising you of the date, time and location to appear.

If you have not received your permanent resident card or the above mentioned notice to appear for biometrics processing within 90 days, please call this office at the number listed below.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 01/31/05) N

- *Please save this notice for your records. Please enclose a copy if you have to write us or a U. S. Consulate about this case, or if you file another application based on this decision.*

- *You will be notified separately about any other applications or petitions you have filed.*

## *Additional Information*

### GENERAL.

The filing of an application or petition does not in itself allow a person to enter the United States and does not confer any other right or benefit.

### INQUIRIES.

You should contact the office listed on the reverse side of this notice if you have questions about the notice, or questions about the status of your application or petition. *We recommend you call.* However, if you write us, please enclose a copy of this notice with your letter.

### APPROVAL OF NONIMMIGRANT PETITION.

Approval of a nonimmigrant petition means that the person for whom it was filed has been found eligible for the requested classification. If this notice indicated we are notifying a U.S. Consulate about the approval for the purpose of visa issuance, and you or the person you filed for have questions about visa issuance, please contact the appropriate U.S. Consulate directly.

### APPROVAL OF AN IMMIGRANT PETITION.

Approval of an immigrant petition does not convey any right or status. The approved petition simply establishes a basis upon which the person you filed for can apply for an immigrant or fiance(e) visa or for adjustment of status.

A person is not guaranteed issuance of a visa or a grant of adjustment simply because this petition is approved. Those processes look at additional criteria.

If this notice indicates we have approved the immigrant petition you filed, and have forwarded it to the Department of State Immigrant Visa Processing Center, that office will contact the person you filed the petition for directly with information about visa issuance.

In addition to the information on the reverse of this notice, the instructions for the petition you filed provide additional information about processing after approval of the petition.

For more information about whether a person who is already in the U.S. can apply for adjustment of status, please see Form I-485, *Application to Register Permanent Residence or Adjust Status.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INNA PEREVOZSKAYA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EVELYN UPCHURCH,** *et. al.*, )<br>)<br>)<br>**Defendants.** )<br>) | Civil Action No. 1:07-CV-01043 (RJL) |

## ORDER

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of August, 2007,

ORDERED that Defendants' Motion to Dismiss be and hereby is GRANTED; and it is

FURTHER ORDERED that this case be and hereby is DISMISSED with prejudice.

SO ORDERED.

_____
Richard J. Leon
United States District Judge

Copies to:

Sherease Louis, Esq.
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530

Thomas A. Elliott, Esq.
D.C. Bar # 259713
Elliot & Maycock, LLP
1629 K Street, N.W., Suite 1250
Washington, D.C. 20006-1641